**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | |
|---|---|
| **THE ESTATE OF JOVAN SINGLETON** | * |
| By Personal Representative Jon Singleton | |
| 1035 Wedgewood Road | * |
| Baltimore, MD 21229 | |
| | * |
| **JOHN SINGLETON** | |
| 1035 Wedgewood Road | * |
| Baltimore, MD 21229 | |
| | * |
| **ANNA SINGLETON** | |
| Monte Verde Apartments | * |
| 2501-03 Violet Avenue,  1004 South | |
| Baltimore, MD 21215 | * |
| | |
| **LAKEISHA JERNIGAN as Mother and** | * |
| **Next Friend of J.S. and J.S.** | |
| **Minor Children of the Decedent** | * |
| 2115 Sunbriar Lane | |
| Woodlawn, MD 21207 | * |
| | |
| *Plaintiffs* | * |
| | |
| **v.** | * |
| | |
| **LIEUTENANT GREGORY MEADE** | * |
| Baltimore County Police Department | |
| 6424 Windsor Mill Road | * |
| Woodlawn, MD 21207 | |
| | *   Civil Case No.: |
| c/o    Baltimore County Office of Law | |
| Baltimore County Historic Courthouse | * |
| 400 Washington Avenue, #201 | |
| Towson, Maryland 21204 | * |
| | |
| *Defendant* | * |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

NOW COMES the Plaintiffs, the Estate of Jovan Singleton, John Singleton, Anna

Singleton, and Lakeisha Jernigan, mother and next friend of minors J.S. (son) and J.S. (daughter)

(hereinafter, collectively, referred to as "the Minor Plaintiffs"), who hereby sue Baltimore County Police Lieutenant Gregory Meade and state as follows: :

## JURISDICTION, VENUE & PARTIES

1.      This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Baltimore County Police Officer Gregory Meade, who was functioning as a member of the Baltimore County Police Department and acting under color of state law at all times relevant to this action. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under Maryland State law. This action also includes wrongful death and survival claims pursuant to MARYLAND ANNOTATED CODE, *Courts and Judicial Proceedings Article* §§3-901 through 3-904 and Maryland Rule 15-1001.

2.      It is alleged that the individual defendant named herein made an unreasonable seizure of the person of Decedent Jovan Singleton, thereby violating his rights under the Fourth Amendment of United States Constitution, as well as, the Maryland Declaration of Rights. It is further alleged that the defendant named herein employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

3.      That Lakeisha Jernigan is, and Javon Singleton was, the biological parents of Minor Plaintiffs J.S. and J.S. who are citizens of the State of Maryland with a primary residence in Baltimore County. The Minor Plaintiffs' father, Javon Singlton, deceased, had no other surviving issue. The Singleton children are primary beneficiaries in this action pursuant MARYLAND ANNOTATED CODE, *Courts and Judicial Proceedings Article* §3-904(a).

2

4.      That Jovan Singleton is also survived by his Father, John Singleton, who is a statutory beneficiary in this action pursuant MARYLAND ANNOTATED CODE, *Courts and Judicial Proceedings Article* §3-904(a).

5.      That Jovan Singleton is also survived by his Mother, Anna Singleton, who is a statutory beneficiary in this action pursuant to § MARYLAND ANNOTATED CODE, *Courts and Judicial Proceedings Article* §3-904(a).

6.      That, at all times relevant to this complaint, Lieutenant Gregory Meade was a duly authorized agent, servant, and/or employee of the Baltimore County Police Department. At all times relevant to this Complaint, Defendant Wilkes was acting within the scope and course of his employment as a member of the Baltimore County Police Department.

7.      That all incidents leading to the wrongful death of the Decedent and resulting in compensable injury occurred on or near Englewood Avenue, north of Gilmore Street, in Baltimore County, Maryland.

## FACTS CENTRAL TO PLAINTIFFS' CLAIMS

8.      That the Plaintiffs re-allege and incorporate herein by reference all allegations contained in the preceding paragraphs.

9.      On October 11, 2021, Baltimore County Police Department officers received a call for service concerning an incident at the 7-Eleven store located at 6571 Windsor Mill Road, Baltimore, Maryland 21207. Suspects involved in the incident were purported to have left the scene in a light-colored pick-up truck.

10.     By way of a subsequent reporting, Baltimore County Police dispatch was notified that a Ford F-150 had crashed into another car at the intersection of Dogwood Road and Gwynn Oak Avenue.

3

11.     Defendant Meade heard reports of the happenings while performing duties at the BCPD station. He used the restroom and then proceeded toward the scene of the reported vehicle collision by driving south on Englewood Avenue.

12.     As he drove on Englewood Avenue, Defendant Meade "scan[ed] all intersections and streets, looking for potential suspects."

13.     Defendant Meade observed Decedent Javon Singleton walking on the road and believed that he matched the description of one of the suspects involved in the incident at the 7-Eleven store.

14.     Decedent Singleton initially stopped in response to Defendant Meade's directive to do so, but then began to run from the scene.

15.     Defendant Meade pursed Decedent Singleton on foot.

16.     While running behind Decedent Singleton, Defendant Meade lost his footing and stumbled.

17.     Defendant Meade, who was running with his gun drawn, fired eight or more 9-mm rounds at Decedent Singleton.

18.     Decedent Singleton suffered what has been characterized by the Maryland Officer of the Chief Medical Examiner as a "Gunshot wound to the torso." The penetrating round entered Decedent Singleton's back and traveled towards his front, from his right to his left, and upward. The bullet traveled from Decedent Singleton's right upper back, though his right shoulder blade, ribs and upper lung, and then came to rest in Decedent Singleton's right neck.

19.     The shooting proved to be fatal. Decedent Singleton's body was located approximately five hours after Defendant Meade had fired upon him.

20.     Defendant Meade's use of lethal force under the circumstances was unreasonable.

Furthermore, Defendant Meade had no basis for using lethal force at all.

21.    As a direct result of the assault perpetrated by the Defendant Meade, Decedent Singleton suffered serious, painful, and fatal injuries.

22.    In addition to the physical injuries described herein, Decedent Singleton suffered the following injuries and damages:

    i.   Violation of his well-established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

    ii.   Violation of his clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the unreasonable seizure of his person; and Freedom from the use of excessive, unreasonable and unjustified force against his person;

    iii.   Loss of his physical liberty;

    iv.   Conscious physical pain and suffering;

    v.   Emotional trauma and suffering, embarrassment, and mental anguish; and

    vi.   Loss of future earning potential.

23.    The actions of Defendant Meade violated the following clearly established and well settled federal and state constitutional rights of Decedent Singleton including his right to:

    i.   Freedom from the unreasonable seizure of his person;

    ii.   Freedom from the use of excessive, unreasonable, and unjustified force against his person.

24.     Decedent Singleton in no way consented to the described use of force by Defendant Meade; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendant Meade to act as he did; and did nothing to contribute to the unlawful and unjustified use of force carried out Defendant Meade.

25.     The conduct of Defendant Meade was without legal justification or a proper purpose.

### COUNT I— DEPRIVATION OF RIGHTS UNDER 42 U.S.C.A. § 1983 – FOURTH AND FOURTEENTH AMENDMENT

26.     Plaintiffs reallege and incorporate paragraphs 1-25 herein by reference.

27.     At all times relevant to this Complaint, Decedent Singleton had rights afforded to him by the Fourth Amendment to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; not to be subjected to excessive force during the course of an arrest; not to be unreasonably denied necessary medical treatment; and not to be summarily punished.

28.     At all times relevant herein, Defendant Meade was acting under the color of State and local law and as a member of the Baltimore County Police Department. His conduct therefore triggers 42 U.S.C. §1983.

29.     Defendant Meade's actions and omissions deprived Decedent Singleton of his clearly established and well-settled constitutional rights.

30.     Defendant Meade knowingly acted to deprive the Plaintiff of his constitutional rights.

31.     The actions of Defendant Meade deprived Decedent Singleton of rights and privileges secured and protected by the United States Constitution, specifically the Fourth

Amendment right to be free from excessive use of force against a plaintiffs person during the course of an arrest, freedom from unreasonable searches and seizures, freedom from a deprivation of life and liberty without due process of law, and freedom from summary punishment.

32.     The Estate of Javon Singleton and statutory beneficiaries to the same claim damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Meade for violation of Decedent Singleton's constitutional rights under color of law.

COUNT II — DEPRIVATION OF RIGHTS<br>UNDER THE MARYLAND DECLARATION<br>OF RIGHTS

33.     That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in paragraphs 1 through 32.

34.     As a direct and proximate result of the actions and omissions of Defendant Meade described herein, all of which were committed under the color of their authority as a member of the Baltimore County Police Department and while acting as a duly authorized police officer, Decedent Singleton was further deprived of rights and immunities secured to him under the Maryland Declaration of Rights – in particular, his right not to be subjected excessive force during the course of an ongoing arrest and his right not be deprived of his liberty. That for the reasons discussed above, the Defendants have also violated the protections, privileges, and rights granted to the Spencer McCain under the laws of the State of Maryland.

COUNT III— WRONGFUL DEATH

35.     That the Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1-34.

36.     That the death of Decedent Singleton was caused by the negligent use of excessive and/or lethal force.

37.     That §§3-904 of the Courts and Judicial Proceedings Article of the Maryland Code Annotated defines the terms for a wrongful death action.

38.     That according to said section, an action under this subtitle shall be for the benefit of the wife, husband, parent, and child of the deceased person.

39.     That according to subsection (e) of the aforementioned section, for the death of a child, who is not described under subsection (d) of this section, or a parent of a child, who is not a minor child, the damages awarded under subsection (c) of this section are not limited or restricted by the "pecuniary loss" or "pecuniary benefit" rule but may include damages for mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, training, education, or guidance where applicable.

40.     Defendant Meade deviated from acceptable standards and acted unreasonably during in the time leading up to and then during the shooting incident described herein.

41.     Defendants Meade was negligent, in among other things, failing to act as reasonably competent law enforcement personnel would have acted under the same or similar circumstances; failing to adequately train, supervise, and instruct their agents, servants, and employees; failing to have in pace proper policies and procedures regarding and/or concerning the operation of the Baltimore County; failing follow policies and procedures concerning foot pursuit and the use of force; failing to recognize that Decedent Singleton  did not pose a threat to law enforcement personnel on the scene; failing to respond appropriately to the circumstances existing at the time of the shooting; and in employing lethal force against a subdued, injured, and nonthreatening citizen. Defendant Meade committed other acts of negligence which are not expressly enumerated herein.

42.     Decedent Singleton was not contributorily negligent and did not assume the risk

of any injury.

43.     That as a direct and proximate result of the negligent conduct of Defendant Meade,  Plaintiff John Singleton, as the biological father of Decedent Javon Singleton suffered and sustained pecuniary loss; mental anguish; emotional pain and suffering; loss of monetary earnings, contributions and support; loss of services; loss of comfort; loss of solace; loss of society; loss of companionship; loss of protection; loss of filial care; loss of attention; loss of advice; loss of counsel; and loss of guidance and are entitled to recover such damages as a consequence of her son's tragic and untimely death.

44.     That as a direct and proximate result of the negligent conduct of Defendant Meade,  Plaintiff Anna Singleton, as the biological mother of Decedent Spencer McCain, suffered and sustained pecuniary loss; mental anguish; emotional pain and suffering; loss of monetary earnings, contributions and support; loss of services; loss of comfort; loss of solace; loss of society; loss of companionship; loss of protection; loss of filial care; loss of attention; loss of advice; loss of counsel; and loss of guidance and are entitled to recover such damages as a consequence of her son's tragic and untimely death.

45.     That Minor Plaintiffs J.S. and J.S. are entitled to recover damages for their father's tragic and untimely death. As a direct and proximate result of the negligent conduct of Defendant Meade, the two  Minor Plaintiffs, as the children of the deceased, suffered and sustained pecuniary loss; mental anguish; emotional pain and suffering; loss of monetary earnings, contributions, and support; loss of services; loss of comfort; loss of solace; loss of society; loss of companionship; loss of protection; loss of filial care; loss of attention; loss of advice; loss of counsel; and loss of guidance and is entitled to recover such damages as a consequence of his father's tragic and untimely death.

## COUNT IV— SURVIVAL ACTION

46.     That the Plaintiffs reallege and incorporate by reference all of the allegations contained in paragraphs 1-45.

47.     Pursuant to MARYLAND ANNOTATED CODE, *Estates and Trusts Article* § 7-401(y), Plaintiff Jon Singleton is authorized to bring a survival action as the Personal Representative of the Estate of Javon Singleton. As stated above, Defendant Meade deviated from acceptable standards and acted in unreasonably during in the time leading up to and then during the incident described herein.

48.     Defendants Meade was negligent in, failing to act as reasonably competent law enforcement personnel would have acted under the same or similar circumstances; failing to adequately train, supervise, and instruct their agents, servants, and employees; failing to have in pace proper policies and procedures regarding and/or concerning the operation of the Baltimore County; failing follow policies and procedures concerning foot pursuit and the use of force; failing to recognize that Decedent Singleton  did not pose a threat to law enforcement personnel on the scene; failing to respond appropriately to the circumstances existing at the time of the shooting; and in employing lethal force against a subdued, injured, and nonthreatening citizen. Defendant Meade committed other acts of negligence which are not expressly enumerated herein..

49.     That as a direct and proximate result of the Defendants' actions against the Decedent, Decedent Singleton sustained extreme pain, suffering, and mental distress between the time of the incident and the time of his death.

**WHEREFORE**, Plaintiffs the Estate of Javon Singleton, John Singleton, Anna Singlteon and Minor Plaintiffs J.S. and J.S. hereby request that this Honorable Court:

(A)      Award the Plaintiffs actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant Meade;

(B) Award Plaintiffs punitive damages in an amount to be determined at trial against Defendant Meade;

(C) Award costs of this action to the Plaintiffs;

(D) Award the Plaintiffs reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP


_____- s-_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com
*Counsel for Plaintiffs*

## PRAYER FOR JURY TRIAL

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.


_____- s-_____
Anton L. Iamele